**MAPLE LEAF FISH CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 81–10–01412.**

United States Court of International Trade.

June 21, 1983.

Barnes, Richardson & Colburn, New York City (David O. Elliott, New York City, on motion), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C.; Joseph I. Liebman, New York City, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (Madeline B. Kuflik, New York City, on motion), for defendant.

## MEMORANDUM OPINION AND ORDER

CARMAN, Judge:

Defendant moves pursuant to Rules 12(b)(1) and 12(b)(5) of this court to dismiss this action arguing this court lacks jurisdiction to review the decisions of the President and the recommendation of the International Trade Commission (ITC) as set forth in the complaint and/or plaintiff has failed to state a claim upon which relief can be granted. Plaintiff asserts the court has jurisdiction pursuant to 28 U.S.C. § 1581(a) and (i)(2).

This action was commenced by plaintiff, an importer of frozen battered and breaded mushrooms. These mushrooms were manufactured and exported from Canada and classified as mushrooms prepared or preserved under item 144.20 of the Tariff Schedules of the United States (TSUS). The duty was assessed at the rate of 3.2 cents per pound plus 10% *ad valorem.* Supplemental duties in the amount of 20% *ad valorem* were assessed under item 922.55 pursuant to Presidential Proclamation 4801, October 29, 1980, which granted import relief under the escape clause provisions of the Trade Act of 1974 (19 U.S.C. § 2251 *et seq.*). Plaintiff seeks to restrict the application of the Presidential Proclamation to imported canned mushrooms and further seeks reliquidation of entries which are the subject of the present action under item 144.20, with refunds of all supplemental duties assessed under item 922.55.

The complaint alleges that a trade association consisting of mushroom canners and growers filed on March 14, 1980 a petition with the ITC pursuant to Section 201(a)(1) of the Trade Act of 1974 for import relief with respect to canned mushrooms under

item 144.20 [1]. The ITC commenced an investigation to determine whether mushrooms prepared or preserved as described in item 144.20 were being imported into the United States in such increased quantities that there was a substantial cause of serious injury or threat of injury to a domestic industry producing an article like or directly competitive with the imported article. The ITC duly published in the Federal Register notice of a public hearing to determine whether mushrooms prepared or preserved provided for in item 144.20 (which included frozen battered and breaded mushrooms) were being imported into the United States in such increased quantity that they were causing serious injury or threat of injury to a domestic industry [2]. A public hearing was held in early June, 1980.

While the complaint indicates the ITC seemed to give its primary focus to the canned mushroom industry, the ITC concluded nevertheless that frozen mushrooms including frozen battered and breaded mushrooms should be treated for import relief purposes as canned mushrooms. The complaint alleges further that the conclusions of the ITC in regard to frozen mushrooms including frozen battered and breaded mushrooms were supported by no investigation, no findings of fact and no specific conclusions of law.

1. TSUS item 144.20 provides in part:

Subpart D. – Mushrooms and Truffles

  *  *  *  *  *  *  *

| 144.20 | Otherwise prepared or preserved | *** |
| | | |
| 05 | Frozen | *** |
| 09 | Straw mushrooms other than frozen | *** |
| | Other: | |
| | In containers each holding not more than 9 ounces: | |
| 27 | Whole (including buttons) | *** |
| 31 | Sliced | *** |
| 37 | Other | *** |
| | In containers each holding more than 9 ounces: | |
| 43 | Whole (including buttons) | *** |
| 47 | Sliced | *** |
| 53 | Other | *** |

2. Investigation No. TA–201–43, 45 Fed.Reg. 21753 (1980):

Mushrooms: Investigation and Hearing

*Investigation instituted.* Following receipt of a petition on March 14, 1980, filed on behalf of the American Mushroom Institute, a trade association of the U.S. mushroom canning industry, the United States International Trade Commission on March 24, 1980, instituted an investigation under section 201(b) of the Trade Act of 1974 to determine whether mushrooms, prepared or preserved [provided for in item 144.20 of the Tariff Schedules of the United States [TSUS]], are being imported into the United States in such increased quantities as to be a substantial cause of serious injury, or threat thereof, to the domestic industry producing an article like or directly competitive with the imported article.

*Public hearing ordered.* A public hearing in connection with this investigation will be held in the Commission's Hearing Room, U.S. International Trade Commission Building, 701 E Street, NW., Washington, D.C. 20436, beginning at 10:00 a.m., e.d.t., on Monday, June 9, 1980. Requests for appearances at the hearing should be received in writing by the Secretary of the Commission at his office in Washington, D.C. not later than noon, June 2, 1980.

*Suggested prehearing procedures.* To facilitate the hearing process, it is requested that persons wishing to appear at the hearing submit prehearing briefs enumerating and discussing the issues which they wish to raise at the hearing. Nineteen copies of such prehearing briefs should be submitted to the Secretary of the Commission no later than the close of business Friday, May 30, 1980. Copies of any prehearing briefs submitted will be made available for public inspection in the office of the Secretary. While submission of prehearing briefs does not prohibit submission of prepared statements in accordance with section 201.12(d) of the Commission's Rules of Practice and Procedure (19 C.F.R. 201.12(d)), it would be unnecessary to submit such a statement if a prehearing brief is submitted instead. Any prepared statements submitted will be made a part of the transcript. Oral presentations, should, to the extent possible, be limited to issues raised in the prehearing briefs.

Prehearing conferences will be held on Friday, May 16, 1980, at 10:00 a.m., e.d.t., in Room 117 of the U.S. International Trade Commission Building.

Persons not represented by counsel or public officials who have relevant matters to present may give testimony without regard to the suggested prehearing procedures outlined above.

*Inspection of petition.* The petition filed in this case is available for public inspection at the Office of the Secretary, U.S. International Trade Commission, and at the New York City Office of the U.S. International Trade Commission, located at 6 World Trade Center. By order of the Commission.

Issued: March 25, 1980. Kenneth R. Mason, Secretary

Plaintiff contends that although the ITC conducted a public hearing and found that the domestic canned mushroom industry was experiencing serious injury, or threat thereof, because of increased imports of canned mushrooms and entitled to import relief, it was improper for the ITC to similarly treat the frozen mushroom industry because there was no evidence to support such findings. Plaintiff further contends that the inclusion of frozen mushrooms in the proclamation of the President granting import relief as to frozen mushrooms is illegal and ultra vires because the findings of injury as to the frozen mushroom industry by the ITC were not supported by any evidence or investigation, citing *Schmidt Pritchard & Co. v. United States,* 47 CCPA 152, C.A.D. 750, 167 F.Supp. 272, *cert. denied,* 364 U.S. 919, 81 S.Ct. 283, 5 L.Ed.2d 259 (1960).

Defendant contends that since the plaintiff asserts that the determinations and recommendations of the ITC were unsupported by the evidence that plaintiff seeks substantive review of the findings of the ITC which is not available in this court, citing *United States v. George S. Bush & Co.,* 310 U.S. 371, 60 S.Ct. 944, 84 L.Ed. 1259 (1940).

It is clear this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(a) since plaintiff filed a protest against liquidations assessing supplemental duties on the imported frozen mushrooms[3].

Although jurisdiction over the subject matter exists, the question presented is whether or not the exercise of discretionary authority conferred upon the ITC and the President is subject to the judicial review of this court.

The principle is clearly established that preclusion of judicial review will not be lightly inferred. *Suwannee Steamship Co. v. United States,* 70 Cust.Ct. 327, 329, 354 F.Supp. 1361 (1973). Indeed judicial review of final agency action is not precluded un-

less there is persuasive reason to believe that that was the intention of Congress. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). In *Barlow v. Collins,* 397 U.S. 159, 166, 90 S.Ct. 832, 837, 25 L.Ed.2d 192 (1970), the court pointed out that judicial review of administrative action is the rule and nonreviewability the exception.

In *Abbott, supra,* in considering whether or not judicial review was available unless expressly precluded by statute, the court said:

> The question is phrased in terms of "prohibition" rather than "authorization" because * * * judicial review of a final agency action * * * will not be cut off unless there is persuasive reason to believe that * * * was the purpose of Congress * * * [T]his type of judicial review (has) been reinforced by the enactment of the Administrative Procedure Act, which embodies the basic presumption that judicial review to one "suffering legal wrong because of agency action * * * " so long as no statute precludes such relief of action is not committed by law to agency discretion * * * The Administrative Procedure Act provides specifically not only for review of "[a]gency action made reviewable by statute" but also for review of "final agency action for which there is no remedy in court * * * ".

387 U.S. at 140, 87 S.Ct. at 1510.

In the instant case, there is no express statute prohibiting review. The complaint alleges in substance mistakes in law and fact. Plaintiff contends that the administrative conclusion that the importation of frozen mushrooms caused injury to an industry in the United States was unsupported by any investigation or any evidence.

---

3. Given that subject matter jurisdiction can be found in 28 U.S.C. § 1581(a), plaintiff's alternative reliance on 28 U.S.C. § 1581(i) must be rejected. 28 U.S.C. § 1581(i) must not be used to circumvent 28 U.S.C. § 1581(a). See *United States v. Uniroyal,* 69 CCPA ——, 687 F.2d 467 (1982).

While the scope of review is limited, judicial review of administrative actions to determine whether or not there has been administrative abuse of discretion is available. *Suwannee Steamship Co., supra.*

In assuming jurisdiction, the court's review will be confined to examining whether the administrative action of the ITC and the President has been exercised in such manner as to conform with the procedural requirements of statutory authority and performed according to law. See *Farr Man & Co. v. United States,* 4 CIT ——, 544 F.Supp. 908 (1982); *Best Foods, Inc. v. United States,* 37 Cust.Ct. 1, C.D. 1791, 147 F.Supp. 749 (1956). The court holds that judicial review extends to the decisions made by the ITC and the President.

The motion to dismiss is DENIED.